```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

UNITED STATES OF AMERICA, *ex rel.* GEORGE KARTOZIA,   *

    Plaintiffs,   *

vs.   *     CASE NO. 4:18-CV-194 (CDL)

RMK FINANCIAL CORPORATION, *et al.*,   *

    Defendants.   *

## O R D E R

The Court grants Relator's motion for reconsideration (ECF No. 184), vacates its order dated January 5, 2022 (ECF No. 183), and replaces that order with this one.[1]

Relator George Kartozia brought this qui tam action against Defendants under the False Claims Act ("FCA"). He claims that certain mortgage lenders, working together with a mortgage brokerage firm and a title company, made mortgage refinance loans called Interest Rate Reduction Refinance Loans ("IRRRL") to veterans but charged the veterans fees that were prohibited by U.S. Department of Veterans Affairs ("VA") regulations. Relator further claims that the lenders falsely certified to the VA that they were charging only permissible fees, thus inducing

---

[1] The Court inadvertently overlooked Relator's notice of corrected exhibit, in large part because Relator did not attach the exhibit to a brief, highlight the corrected exhibit in a brief, or clearly and succinctly explain the impact of the corrected exhibit in his briefing.

the VA to guarantee 25% of the amount of each IRRRL, and that some of the IRRRL borrowers who paid prohibited fees defaulted on their loans. Each Defendant filed a motion to dismiss. On October 8, 2021, the Court granted the motions to dismiss filed by Defendants Freedom Mortgage Corp., Loandepot.com, LLC, Mortgage Solutions of Colorado, LLC, Sun West Mortgage Company, Inc., and Certified Title Corp. because Relator did not adequately allege the "submission of a claim" in connection with IRRRLs involving these Defendants. *United States ex rel. Kartozia v. Freedom Mortg. Corp.*, No. 4:18-CV-194 (CDL), 2021 WL 4721066, at *6, *8 (M.D. Ga. Oct. 8, 2021). The Court found, though, that Relator sufficiently alleged FCA claims against RMK Financial Corp. d/b/a Majestic Home Loan, Armour Settlement Services, LLC, Service 1st Mortgage, Inc., and Robert Cole, and it denied their motions to dismiss. *Id.* at *8-*10.

Now, Relator wants to amend his complaint to add additional factual allegations regarding IRRRLs made by Loandepot.com, LLC ("Loan Depot") and Freedom Mortgage Corp. ("Freedom"). Relator contends that these additional factual allegations will cure the deficiencies in his second amended complaint. As discussed below, Relator's motion for leave to amend (ECF No. 156) is granted.

DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may refuse to grant leave to amend if the amendment would be futile. *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020). "Leave to amend would be futile if an amended complaint would still fail the motion to dismiss . . . stage." *Id.*

In its prior order, the Court concluded that Relator's FCA claims required an actual false claim for payment, which in turn required "the occurrence of a default accompanied by the presentation to the VA of a claim under its guaranty, which claim cause[d] the VA to make some payment related to the claim." *Kartozia*, 2021 WL 4721066, at *6, *8. The problem with Relator's second amended complaint, at least for the claims against Freedom and Loan Depot, was that Relator did not allege with particularity and the required indicia of reliability that any IRRRLs made by Freedom or Loan Depot "went into default or that the VA ha[d] otherwise paid anything in reliance upon the alleged false certifications." *Kartozia*, 2021 WL 4721066, at *6. In contrast, Relator did adequately allege an actual false claim by another lender because Relator alleged that the lender

3

falsely certified that it only charged the borrowers permissible IRRRL fees, that the lender knew that the VA would issue a guaranty of the loans in reliance upon the false certification, that the borrowers defaulted, and that the VA, as guarantor of the loans, expended money to purchase both homes following foreclosure sales. *Id.* at *10.

In his motion for leave to amend, Relator asserts that his new allegations in the proposed third amended complaint are nearly identical to the allegations regarding the lender that survived the motion to dismiss. Relator alleges that Loan Depot and Freedom charged impermissible fees to IRRRL borrowers L.W. and J.S., that Loan Depot and Freedom falsely certified that they only charged permissible fees to these two borrowers, that the VA issued a guaranty of the loans in reliance on the false certifications, and *that the borrowers defaulted*. Mot. for Leave to Am. Ex. 1, Proposed 3d Am. Compl. ¶¶ 182, 188, 430-473, ECF No. 156-1.

Relator also alleged with specificity that the VA expended money in reliance on Freedom and Loan Depot's false certifications. First, Relator sufficiently alleges that the VA expended funds in connection with J.S.'s loan from Freedom. Relator attached to the Proposed Third Amended Complaint a trustee's deed which states that J.S.'s home was offered at public auction to the highest bidder, that Freedom was the

4

highest bidder, that Freedom as high bidder assigned its bid to the Secretary of Veterans Affairs, c/o Loan Guaranty Service, and Freedom had the property deeded directly to the VA. Proposed 3d Am. Compl. Ex. 23, Trustee's Deed (Dec. 31, 2019), ECF No. 156-1 at 507-511.  Thus, Relator alleges that the VA purchased J.S.'s home following foreclosure.  Second, Relator sufficiently alleges that the VA expended funds in connection with L.W.'s loan from Loan Depot.  Relator submitted a corrected exhibit demonstrating that L.W.'s home was offered for sale to the highest bidder, that Loan Depot was the highest bidder, and that Loan Depot immediately deeded the property to the Secretary of Veterans Affairs, c/o Loan Guaranty Service.  Notice of Corrected Ex. No. 20, Deeds (Oct. 2, 2018), ECF No. 179-1.  So, Relator alleges that the VA purchased L.W.'s home following foreclosure.  As the Court previously concluded, these allegations, taken as true and drawing all reasonable inferences in Relator's favor, suggest that Loan Depot and Freedom's "false certifications and fraudulent course of conduct caused the Government to pay out money it would not otherwise have paid." *Kartozia*, 2021 WL 4721066, at *10.

Freedom and Loan Depot argue that even if the Proposed Third Amended Complaint adequately alleges an FCA claim against them, Relator should still be denied leave to amend because Relator repeatedly failed to cure deficiencies.  The Court

5

recognizes that leave to amend is not required "where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed." *Corsello*, 428 F.3d at 1014 (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)).  In *Corsello*, for example, the relator sought to file a fourth amended complaint eighteen months after his claims against several defendants were dismissed and after being warned by the court "from the beginning that he must plead fraud with particularity."  *Id.* Here, Relator has not repeatedly failed to cure deficiencies by previously allowed amendments.[2]  Relator sought leave to amend almost immediately after the Court issued its October 8, 2021 order.  And, neither Freedom nor Loan Depot has demonstrated any undue prejudice.  For all these reasons, the Court finds that Relator should be permitted to amend his complaint to add the proposed factual allegations regarding Freedom and Loan Depot.

---

[2] Relator filed his original complaint under seal and did not serve it on any Defendants.  Relator filed an amended complaint shortly before the Government declined intervention, and he served the amended complaint on Defendants.  Defendants filed motions to dismiss the amended complaint.  In response, Relator filed his second amended complaint.  The Clerk issued an error notice stating that leave of the Court was required even though Relator had never served the original complaint on Defendants and he filed the second amended complaint within 21 days after service of Defendants' 12(b) motions.  Based on the error notice, Relator filed a motion for leave to file the second amended complaint, which the Court granted in a text order without examining the substance of the second amended complaint or pointing out deficiencies. Text Order (Aug. 17, 2020), ECF No. 97.

6

CONCLUSION

For the reasons set forth above, the Court grants Relator's motion for leave to amend (ECF No. 156) to add factual allegations. Relator shall file his Third Amended Complaint within five days of the date of this order. After Relator files his Third Amended Complaint, the Court will issue an amendment to its previous order in light of today's ruling. At that time, the Court will rule on the pending motions for certification for immediate appeal (ECF Nos. 154 & 157).

IT IS SO ORDERED, this 7th day of January, 2022.

                                          S/Clay D. Land
                                          CLAY D. LAND
                                          U.S. DISTRICT COURT JUDGE
                                          MIDDLE DISTRICT OF GEORGIA