IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* GEORGE KARTOZIA, | * | |
| | * | |
| Plaintiffs, | * | |
| vs. | * | CASE NO. 4:18-CV-194 (CDL) |
| RMK FINANCIAL CORPORATION, *et al.*, | * | |
| Defendants. | * | |

O R D E R

In light of Relator's Third Amended Complaint (ECF No. 186), the portion of the Court's October 8, 2021 order (ECF No. 150) dismissing Relator's claims against Loandepot.com, LLC and Freedom Mortgage Corp. is vacated. As the Court explained in its January 7, 2022 order (ECF No. 185), the Third Amended Complaint sufficiently states False Claims Act claims against Loandepot.com, LLC and Freedom Mortgage Corp.

Presently pending before the Court are two motions for certification of the Court's October 8, 2021 order (ECF No. 150, as modified by this order) for immediate appeal (ECF Nos. 154 & 157). Those motions are denied. Defendants Service 1st Mortgage, Inc., Robert Cole (together, "Service 1st"), and Armour Settlement Services, LLC ("Armour") contend that the proximate causation standard is not clear for "cause to be presented" and "cause to make or use documents material to a

claim" False Claims Act claims. The Court carefully considered the causation standard recently announced in *Ruckh v. Salus Rehabilitation, LLC*, 963 F.3d 1089 (11th Cir. 2020), a False Claims Act case where there was sufficient evidence for a reasonable jury to conclude that a management service provider knowingly caused skilled nursing facilities to submit fraudulent Medicare and Medicaid claims to the Government. The management service provider did not submit the claims itself, but its conduct (including pressuring facility employees to engage in upcoding) was a substantial factor in inducing the facilities to submit false claims for reimbursement, and the management service provider anticipated the submission of the false claims for reimbursement as a result of its conduct. *Id.* at 1106-08; *accord United States ex rel. Kartozia v. Freedom Mortg. Corp.*, No. 4:18-CV-194 (CDL), 2021 WL 4721066, at *9 (M.D. Ga. Oct. 8, 2021) (examining *Ruckh*). The standard articulated in *Ruckh* is not unclear.

To convince the Court that certification under 28 U.S.C. § 1292(b) is appropriate here, Defendants argue that Relator did not allege facts to suggest that they assisted or participated in the claim process. But this is a factual issue, not a pure legal issue. And the Court previously concluded that the complaint's allegations—taken as true and drawing all reasonable inferences in favor of Relator—establish a sufficient nexus

2

between the conduct of Armour and Service 1st and the false claims submitted by the lenders. *Kartozia*, 2021 WL 4721066, at *9. So, although these Defendants may not have completed an application for a loan guaranty or authored any documents that were directly submitted to the Department of Veterans Affairs, Relator alleges that they were knowing, crucial participants in a scheme to charge impermissible fees to veterans but falsely certify to the VA that no such impermissible fees had been charged. *Id.* Under these facts, which the Court was required to accept as true at the motion-to-dismiss stage, the *Ruckh* proximate causation standard was met. *Id.* Defendants did not point to authority suggesting disagreement on this point. Instead, their main quarrel is with the Court's characterization of the factual allegations. Under these circumstances, the extraordinary remedy of certification for interlocutory appeal under 28 U.S.C § 1292(b) is unwarranted.

The stay of discovery is lifted. The parties shall submit a proposed scheduling order in compliance with the Rules 16/26 Order by February 9, 2022.

IT IS SO ORDERED, this 12th day of January, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA