IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* GEORGE KARTOZIA, | Civil Action File No.: |
| | 4:18-cv-00194-CDL |
| *Plaintiff-Relator,* | |
| v. | |
| FREEDOM MORTGAGE CORPORATION; R M K FINANCIAL CORPORATION *d/b/a* MAJESTIC HOME LOAN; LOANDEPOT.COM, LLC; SERVICE 1st MORTGAGE, INC.; ROBERT COLE; and ARMOUR SETTLEMENT SERVICES, LLC, | |
| *Defendants.* | |

## PROTECTIVE ORDER

To facilitate the flow of discovery material between Plaintiff-Relator George Kartozia, Defendant Freedom Mortgage Corporation, Defendant R M K Financial Corporation *d/b/a* Majestic Home Loan, Defendant loanDepot.com, LLC, Defendant Service 1st Mortgage, Inc., Defendant Robert Cole, and Defendant Armour Settlement Services, LLC (collectively, the "Parties"); facilitate the prompt resolution of disputes over confidentiality; adequately protect both confidential business information and confidential consumer information; and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) and with the consent of the parties, **ORDERED**:

1. **Scope**. This Order permits Parties and non-parties to designate and disclose documents and information in this case as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY (the "Covered Information"), in accordance with the procedures set forth below. This Order will govern all Covered Information that a Party or non-party receives in

discovery in the above-captioned case. This Order does not restrict or otherwise govern a Party's or non-party's use of its own Covered Information. Documents that are available in the public domain are not Covered Information.

2.   **Definitions**.

a.   **"Confidential."** Information designated as "CONFIDENTIAL" is information that is not in the public domain and that the designating Party or non-party reasonably and in good faith believes contains consumer information, private employee information, confidential and proprietary business information, and any other information that may reasonably be characterized by a party or non-party as requiring confidential treatment to protect a legitimate business or other legitimate interest. CONFIDENTIAL information includes any information supplied in any form, or any portion thereof, that directly or indirectly identifies a potential or actual borrower, servicemember, or veteran (collectively, a "Borrower") in any manner or for which there is a reasonable basis to believe could be used to identify a Borrower. This definition is provided to facilitate discovery and does not waive a party's right to challenge the designation or confidentiality of information, including information described in this paragraph.

b.   **"Confidential-Attorneys' Eyes Only."** Information designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" is information that the designating Party or non-party reasonably and in good faith believes is so competitively sensitive that its disclosure to another party could result in significant competitive or commercial disadvantage or other significant harm to the designating Party or non-party or another person.

3.    **<u>Form and Timing of Designation</u>**.

a.   **Documents**. A Party or non-party may designate a document as confidential by stamping the word(s) CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY on each page of the document in a manner which will not interfere with the document's legibility. Documents generally should be designated by the producing Party or non-party before, or contemporaneously with, the production or disclosure of the documents. But inadvertent or unintentional production of documents without prior designation will not be deemed a waiver, in whole or in part, of the right to designate documents as otherwise allowed by this Order.

b.   **Deposition or Other Proceeding**. In the case of depositions or other pre-trial testimony, a party or non-party's intention to designate a portion or portions of the transcript (including exhibits) containing Covered Information will be made (i) by a statement to that effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this litigation within fourteen calendar days after receipt of the transcript. But before that fourteen-day period expires, all testimony, exhibits and transcripts of depositions or other testimony will be treated as CONFIDENTIAL material.  Within fourteen calendar days after receipt of the deposition transcript, the designating party or non-party must identify the specific pages and lines of the transcript that are to be treated as Covered Information in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party or non-party.

c.   **Non-Written Materials**. Any non-written Covered Information may be designated by labeling the outside of that non-written material with the words CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY. If a receiving

Party generates any transcription or printout from any designated non-written materials, then the person who generates that transcription must affix the appropriate stamp under Paragraph 3(a) above and take reasonable steps to maintain the confidentiality of those materials.

       **d.**       **Designation Of Materials Produced By Another Party or Non-Party**. A Party or non-party may designate materials produced by another Party or non-party under this Order. Those designations generally must be made within one month of receiving the production, to the extent practicable under the circumstances. Parties and non-parties will comply with all reasonable requests to delay distribution of produced materials until such time as a Party or non-party can review the production to determine whether a designation is warranted.

       **e.**       The designating party or non-party shall exercise restraint and care in designating material for protection and only designate those portions of documents, transcripts, or affidavits that the designating party or non-party believes in good faith is Covered Information.  The designation of material for protection under this Order shall constitute a representation to the Court that the designating party or non-party and its counsel believe in good faith that the information constitutes confidential information.  The Parties shall make a good faith effort to designate information in a way that provides the greatest level of disclosure possible, while still preserving the confidentiality of the Covered Information.

**4.**       **Protection of Confidential Material**.

**a.**  **General Protections**. No Covered Information will be used or disclosed for any purposes whatsoever other than preparing for and conducting: (i) the litigation; or (2) the related investigation of the allegations in this litigation by the United States Department of Justice

and/or the United States Department of Veterans Affairs. This restriction applies to all persons permitted to see Covered Information under this Order.

      **b.**     **Disclosure of CONFIDENTIAL Materials**. Unless otherwise ordered by the Court or permitted in writing by the designating party, a Party may disclose CONFIDENTIAL documents and information only to:

      i.     Counsel of record, including employees or contractors (including document service vendors) to whom it is reasonably necessary to disclose the information for this litigation.

      ii.     Parties, including current or former officers, directors, and employees to whom it is reasonably necessary to disclose the information for this litigation. Former officers, directors, and employees may only review Covered Information if they agree to be bound by the terms of this Protective Order and has completed the certification contained in Attachment A.

      iii.     The Court and its personnel, including court reporters.

      iv.     Consultants, investigators, and expert witnesses to whom it is reasonably necessary to disclose the information for this litigation and who agree to be bound by the terms of this Protective Order and has completed the certification contained in Attachment A.

      v.     The author, addressees, or recipients of the document, or any other natural person who would have likely reviewed such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document, or whose conduct is purported to be specifically identified in the document and who agrees to be bound by the terms of this Protective Order and has completed the certification contained in

Attachment A. Persons described in this subparagraph may not retain any copies of Covered Information.

      vi.     Witnesses, but only during their depositions or in preparation for their noticed depositions and only if they have agreed to be bound by this Protective Order and have completed the certification contained in Attachment A (except for current officers, directors, and employees of a Party). Persons described in this subparagraph may not retain any copies of Covered Information after their deposition.

      vii.     A party's insurers, reinsurers, insurance brokers or agents and their counsel, provided that any such person to whom the disclosure is to be made consents in writing to be bound by the terms of this Protective Order and has completed the certification contained in Attachment A.

      viii.     Mediators, arbitrators, or similar outside parties and their staffs enlisted pursuant to the written agreement of all Parties to assist in the resolution of this matter.

      ix.     Representatives of the United States of America as the real party in interest in this lawsuit.

      x.     Other persons as agreed to by the Parties in writing or as ordered by the Court.

Any party has the right to move the Court to expand the categories of persons under this Order who may be provided Confidential Information and Confidential Documents at any time.

      **c.**     **Disclosure of CONFIDENTIAL-ATTORNEYS' EYES ONLY Materials**. Unless otherwise ordered by the Court or permitted in writing by the designating party, a Party may disclose CONFIDENTIAL-ATTORNEYS' EYES ONLY

documents and information only to persons described in Paragraphs 4(b)(i) (counsel of record), 4(b)(iii) (court and personnel), 4(b)(iv) (consultants and experts), 4(b)(v) (witnesses who would have previously reviewed information), and (b)(viii) subject to the restrictions and requirements of those paragraphs.

      d.    **Copies**. All copies, duplicates, extracts, summaries, or descriptions of Covered Information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under this Order, or any portion of such a document, must be affixed with the appropriate designation if it does not already appear on the copy. The copies will then be afforded the full protection of this Order.

      5.    **Filing of Covered Information**. If a Party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion, that Party shall, on or before the deadline for submitting that filing, file into the public docket a copy which has redacted all CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information from the document (e.g., a Borrower's name) or exhibit, and also shall separately file an unredacted copy under seal. *See* L.R. 5.4(E). The designating party shall file a motion to seal the redactions in the publicly filed copy and to seal the unredacted copy. The Court will closely scrutinize any such requests to seal at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion shall be a public record.

      6.    **Challenges to Designation**. Any designation is subject to challenge at any time according to the following procedures:

      a.    The burden of proving the necessity of a designation remains with the Party or Non-Party asserting confidentiality.

      b.    A Party or Non-Party who contends that documents designated are not entitled to confidential treatment must give written notice to the designating Party or non-

party of the specific documents (by Bates number where practicable or by reasonable and identifiable category where designations are uniform across large numbers of identical or nearly identical documents). The designating Party or non-party will have 10 calendar days from service of the written notice to determine whether the dispute can be resolved without judicial intervention. If no resolution is reached, within 10 calendar days of the meet-and-confer the designating Party must either withdraw the challenged designation or move the Court for appropriate relief, and any papers filed in support of or in opposition to this motion must, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material.

c.      Notwithstanding any challenge to the designation of documents, all material previously designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY must continue to be treated as subject to the full protections of this Order until: (1) the Party or non-party claiming the designation withdraws such designation in writing; (2) the Party who claims the documents are protected fails within ten calendar days to move for an order designating the documents as Confidential Material; or (3) the Court rules that the documents should no longer be designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.

d.      Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

7.      **Inadvertent Production of Privileged Information or Work Product**. In accordance with Federal Rule of Evidence 502, the inadvertent disclosure of protected communications, documents, or information will not constitute a waiver of any privilege or other protection (including work product) in the case of an inadvertent disclosure. Upon realizing an

8

inadvertent disclosure, the producing Party will notify the receiving Party of the inadvertent disclosure and instruct the receiving Party to promptly sequester, return, delete, or destroy all copies of the inadvertently produced communications, documents, or information (including any and all work product containing such communications or information). Upon receiving such a request from the producing Party, the receiving Party must promptly sequester, return, delete, or destroy all copies of such inadvertently produced communications, documents, or information (including any work product containing such communications or information), and must make no further use of such communications or information (or work product containing such communications or information). Nothing in this Order prevents the receiving Party from challenging the propriety of the attorney-client, work product, or other designation of protection.

8.      **Treatment on Conclusion of Litigation**.

a.      **Order Remains in Effect**. The Court will retain continuing jurisdiction after the conclusion of this litigation, including without limitation during any appeal, to enforce the provisions of this Order, in accordance with its contempt powers and with all other powers provided for in this Order.

b.      **Destruction of Designated Documents**. Subject to any final order of the Court on the completion of the litigation, within thirty (30) days after the conclusion of the litigation, including conclusion of any and all appeals, all documents treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under this Order must be destroyed or placed in secure storage unless the document has been entered as evidence or filed in Court. CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY placed in secure storage may be retained for up to two (2) years at which point they must be destroyed. CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY placed in secure storage may only be accessed in the event a malpractice claim is made

against counsel for the retaining party. Any individual or entity storing Confidential Information pursuant to this paragraph must agree to be bound by the terms of this Protective Order and complete the certification contained in Attachment A. Notwithstanding the above requirements to destroy documents, counsel of record may retain attorney work product, without limitation.

9. **Order Subject to Modification**. This Order is subject to modification on the motion of any Party. The Order will not, however, be modified until the Parties will have been given notice and an opportunity to be heard on the proposed modification.

10. **No Judicial Determination**. This Order is entered for the purpose of facilitating discovery and protecting confidentiality. Nothing in it will be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until a document-specific ruling has been made.

11. **Persons Bound**. This Order is effective upon being entered and binds: (1) counsel of record who signed below and their respective law firms; (2) their respective clients; (3) non-parties who seek protection under this Order; and (4) persons described above in Paragraph 4(b) who agree to be bound by this Protective Order.

12. **Relief from Order**. A Party or non-party needing relief from the provisions of this Order may, if agreement between or among the Parties cannot be reached, seek appropriate relief from the Court upon due notice to all other Parties. This Order is without prejudice to all rights of Parties and non-parties regarding objections as to discovery and admissibility as set forth in this Court's Local Civil Rules and Federal Rules of Civil Procedure.

13.    <u>**Service of Order**</u>.  The Parties will serve a copy of this Order simultaneously with any subpoena or other discovery request made to a non-party.


**SO ORDERED**, this the 4th day of March, 2022.


<u>*s/Clay D. Land*</u>
CLAY D. LAND, Judge,
United States District Court