# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* GEORGE KARTOZIA, <br><br>                 *Plaintiff-Relator,* <br><br> v. <br><br> FREEDOM MORTGAGE CORPORATION; <br> R M K FINANCIAL CORPORATION *d/b/a* MAJESTIC HOME LOAN; LOANDEPOT.COM, LLC; SERVICE 1st MORTGAGE, INC.; ROBERT COLE; and ARMOUR SETTLEMENT SERVICES, LLC, <br><br>                 *Defendants.* | Civil Action File No.: <br><br> 4:18-cv-00194-CDL <br><br><br> **JURY TRIAL DEMANDED** |

## MOTION TO EXTEND DISCOVERY

COMES NOW Plaintiff-Relator George Kartozia, and respectfully moves the Court for an extension of the discovery period (currently scheduled to end on March 31, 2023) by three (3) months, through and including June 30, 2023, along with other corresponding deadlines in Paragraphs 4 and 5 of the Scheduling/Discovery Order in this action (Dkt. 194).

This is the first request for an extension of discovery in this matter.

## STATEMENT ON MEET AND CONFER PROCESS

This is a motion to extend the deadlines in this case by three (3) months. It was proposed by Relator as a **joint motion**, and all parties in the case (including all Defendants) apparently **agreed** the extension was proper and necessary, **agreed** to join the motion and that it be filed as a "joint motion" and, indeed, **agreed** that future requests for extensions might be necessary depending on the timing of certain third-party discovery from the Department of Veterans Affairs (the "VA"). *See* Exh. A (email correspondence among counsel regarding the joint motion to extend deadlines).

However, and regrettably, Defendants Freedom Mortgage Corporation, R M K Financial Corporation *d/b/a* Majestic Home Loan, loanDepot.com, LLC, Service 1st Mortgage, Inc., Robert Cole, and Armour Settlement Services, LLC (together, the "Defendants"), refused to join the motion for this agreed extension of deadlines **unless** Relator also agreed to preemptively agree to join **future** discovery extensions in the event of any future delay with regard to any portion of the VA's production of documents. Relator is familiar with the expectations of this Court regarding discovery and motions practice, and respectfully explained to Defendants that Relator cannot take a preemptive position on future motions without knowing the facts and circumstances of those motions in the future.[1]

---

[1] Relator certainly agrees that one or more future extensions might be necessary and appropriate if there are delays in important productions from the VA. However, it is impossible to know today whether conditions in the future require additional extensions because those conditions are presently unknown. As Relator explained in correspondence to Defendants, there could be a difference between a scenario in which the VA has failed to produce key documents and

Regrettably, Defendants' insistence on this unusual condition for joining a motion all parties explicitly agreed is necessary and proper has required Relator to file the motion in this manner.

Accordingly, Relator presents the Court with the below text from the "joint motion" which was agreed to by all parties, with only two changes: (1) references to a "joint" motion have been removed, and (2) the sentence, "If further delays occur with regard to the VA's production of documents, the parties agree jointly to request an additional extension of the discovery period", has also been removed. *See* Exh. C (redline of joint motion to extend discovery, reflecting Defendants' edits; those edits have all been accepted in the below text, except as indicated above).

## MOTION TO EXTEND DISCOVERY

### Statement of Facts

Plaintiff-Relator filed his initial Complaint on September 21, 2018, and subsequently filed a First, Second and Third Amended Complaint on May 26, 2020, August 12, 2020, and January 10, 2022, respectively. During that time numerous motions were litigated before this Court. On February 3, 2022, Counsel for the Parties met and conferred as required by the Court's Rule 16 and 26 Order issued on October 8, 2021. On February 9, 2022, the parties submitted their proposed

---

one in which the VA's production is 99% complete. *See* Exh. B. Relator believes the Court will expect the parties to address each scenario in good faith and based on its actual merits as that scenario arises. Defendants refused to budge, and refused to join the motion despite all parties explicitly agreeing an extension is needed. *Id*.

Scheduling and Discovery order to the Court, which was subsequently adopted on February 10, 2022.

The Parties are diligently pursuing discovery in this matter. To date, written discovery and voluminous documents have been exchanged, and the depositions of Relator and several fact witnesses have been scheduled. The parties have encountered some disputes about discovery issues, but are working cooperatively to attempt to resolve those disputes without seeking the Court's intervention. In addition, and central to this request, the parties engaged in protracted negotiations with the U.S. Department of Justice (the "DOJ") regarding whether the Department of Veterans Affairs (the "VA") would voluntarily produce documents requested by the parties relevant to the instant dispute. Those negotiations, pursuant to which the parties provided the DOJ with written requests for the VA to consider, were productive but ultimately unsuccessful, as the DOJ informed the parties that the VA required them to submit their requests in accordance with the *Touhy* process (*see* 38 C.F.R. § 14.800, *et seq.*). Accordingly, the parties are still awaiting the production of documents from the VA which are critical to the issues under dispute in this matter, and the parties request this extension in part to accommodate the VA's delay in production of those documents. As of the present date, the parties do not know when the VA intends to respond to their *Touhy* requests and produce the requested documents.

## Argument and Citation of Authority

Under Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order may be modified "upon a showing of good cause and by leave of the district judge." Local Rule 26.2(B) provides, "the court may, in its discretion, shorten or lengthen the time for discovery."

Under the circumstances set out above, there is good cause for an extension of the discovery period. As stated in the February 10, 2022 Scheduling/Discovery Order, "the proposed deadlines in this [order] may be affected by the amount of time needed by the VA to produce documents, data, and witnesses during discovery." Scheduling and Discovery Order (Dkt. 194) at 7.  It is difficult to predict when the VA will produce the requested documents, but Relator is hopeful that a three (3) month extension of all discovery deadlines should allow the parties sufficient time to complete the discovery needed.

For the foregoing reasons, Relator hereby respectfully requests the Court extend the discovery period through June 30, 2022, and that all current and remaining deadlines in the Scheduling/Discovery Order, including Paragraphs 4 and 5 thereof, be likewise extended.  A proposed Amended Scheduling Order is being submitted with this motion.

This 31st day of October, 2022.

*/s/ Bradley W. Pratt*
BRADLEY W. PRATT
Georgia Bar No. 586672
FRANK T. BAYUK
Georgia Bar No.: 142596
**Bayuk Pratt, LLC**
4401 Northside Parkway, Suite 390
Atlanta, GA 30327
(404) 500-2669
bradley@bayukpratt.com
frank@bayukpratt.com

MICHAEL J. MOORE
Georgia Bar No. 520109
AIMEE J. HALL
Georgia Bar No. 318048
**Moore Hall, LLC**
3630 Peachtree Road NE, Suite 1025
Atlanta, GA 30326
(404) 882-2960
mjmoore@moorehall.com
ajhall@moorehall.com

MARLAN B. WILBANKS
Georgia Bar No. 758223
*(Admitted pro hac vice)*
SUSAN S. GOUINLOCK
Georgia Bar No. 303217
*(Admitted pro hac vice)*
THOMAS H. WILLOUGHBY
Georgia Bar No. 960104
*(Admitted pro hac vice)*
**Wilbanks and Gouinlock, LLP**
3490 Piedmont Road NE, Suite 1010
Atlanta, GA 30305
(404) 842-1075
mbw@wilbanksgouinlock.com
ssg@wilbanksgouinlock.com
thw@wilbanksgouinlock.com
*Attorneys for Relator*

## **CERTIFICATE OF SERVICE**

I certify that on October 31, 2022, I electronically filed the foregoing MOTION TO EXTEND DISCOVERY with the Clerk of Court using the CM/ECF system, which will automatically send email notification of this filing to the attorneys of record.

>  */s/Bradley W. Pratt*
>  Bradley W. Pratt
>  *Attorney for Relator*