UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GEORGE KARTOZIA,<br><br>    Plaintiffs,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION; RMK FINANCIAL CORPORATION d/b/a MAJESTIC HOME LOAN; LOANDEPOT.COM, LLC; SERVICE 1ST MORTGAGE, INC.; ROBERT COLE; and ARMOUR SETTLEMENT SERVICES, LLC,<br><br>    Defendants. | Civil Action No. 4:18-CV-194-CDL |

**ORDER**

This Court entered the parties' Protective Order on March 4, 2022. ECF No. 199. The Protective Order defines "Confidential Information" to include "any information supplied in any form, or any portion thereof, that directly or indirectly identifies a potential or actual borrower, servicemember, or veteran (collectively, a "Borrower") in any manner or for which there is a reasonable basis to believe could be used to identify a Borrower." ECF No. 199 at ¶ 2.a. The Protective Order explains that "[t]his definition is provided to facilitate discovery and does not waive a party's right to challenge the designation or confidentiality of information,

including information described in this paragraph." ECF No. 199 at ¶ 2.a. The Protective Order further allows any party or non-party to "designate and disclose information in this case as 'CONFIDENTIAL.'" ECF No. 199 at ¶ 1.

Paragraph 9 of the Protective Order states that it is "subject to modification on the motion of any Party." ECF No. 199 at ¶ 9. Several of the parties have served *Touhy* requests on the Department of Veterans Affairs ("VA"). A court order is required before VA is authorized to produce the documents at issue. *See* 5 U.S.C. § 552a(b)(11), 38 U.S.C. § 5701(b)(2), and 38 C.F.R. § 1.511(b).

The parties agree that the Court should modify the existing Protective Order to permit VA to produce, subject to an appropriate court order, documents responsive to the parties' *Touhy* requests that contain personally identifiable information such as veterans' names, addresses, and loan numbers. These documents are contained in a system of records protected from disclosure under the Privacy Act, 5 U.S.C. § 552a, and are also protected by VA's confidentiality statute, 38 U.S.C. § 5701, and regulation, 38 C.F.R. § 1.511. Disclosure of this information is governed by the Privacy Act, 5 U.S.C. § 552a, which, *inter alia*, allows federal government agencies to release records maintained on individuals "pursuant to the order of a court of competent jurisdiction." *See* 5 U.S.C. § 552a(b)(11). Requests for court orders under § 552a(b)(11) are evaluated by balancing the need for disclosure against any potential harm from disclosure.

Applying this principle to this case, the Court finds that the records sought by the parties are relevant to the claims and defenses in this litigation, and that any Privacy Act concerns are outweighed by the need for disclosure. The privacy concerns are especially minimal here. On balance, the Court finds that disclosure of the records requested is appropriate under 5 U.S.C. § 552a(b)(11).

IT IS HEREBY ORDERED:

1.  The VA is authorized to produce all records maintained in a system of records containing personally identifiable information that are responsive to the parties' *Touhy* requests, in unredacted form, to be used solely for the purposes of this litigation and not otherwise.

2.  All records obtained from the VA pursuant to this Order are hereby designated as "Confidential Information" as that term is defined in the parties' Protective Order. ECF No. 199 at ¶ 2.a.

3.  All documents, pleadings, or transcripts of deposition testimony filed in this litigation, or any appeal of this litigation, that contain or disclose the contents of Confidential Information produced by the VA in this case (the "VA's Confidential Information"), shall be submitted pursuant to the process identified in paragraph 5 of the Protective Order.

4.  At the conclusion of this litigation, including any appeal taken therefrom, all originals or reproductions of VA's Confidential Information shall be

destroyed or returned to counsel for VA within 30 days of the deadline to appeal the termination of the action to the extent an appeal is not effectuated ("the termination of the action"). Notwithstanding this language, this shall not include documents (1) that have been filed with the Court; (2) were introduced as an exhibit at a deposition, but the confidentiality of these documents must be maintained in perpetuity; (3) that contain notations of counsel or experts/consultants, in which case they are to be destroyed within 30 days of the termination of the action; or (4) that are contained in counsel's electronic systems (including email and document repositories), but the confidentiality of these documents must be maintained in perpetuity. When the VA's Confidential Information is destroyed, the Receiving Party will certify in writing to the VA that they have so destroyed such documents.

5. Upon completion of this action, including any appeal taken therefrom, counsel for Plaintiff and Defendants shall certify to this Court that they have irretrievably destroyed or returned all documents as required by Paragraph 4. They shall further certify that they have destroyed or returned all copies and/or duplicates, as defined by Rule 1001(e) of the Federal Rules of Evidence, that they have made of such documents.

6. This Modified Stipulated Protective Order does not compromise the rights of any party or non-party to object to discovery pursuant to the Federal

Rules of Civil Procedure or any other governing authority nor does it alter any burden of proof regarding any assertion of privilege in this matter.

7. Nothing in this Modified Stipulated Protective Order shall prohibit a party or VA from seeking further protection of the Confidential Information by stipulation among the parties, approved by the Court, or by application to the Court directly.

8. Neither VA nor the United States Department of Justice, including the United States Attorney's Office, nor any of their officers, agents, employees, or attorneys, shall bear any responsibility or liability for any disclosure of any information obtained by the parties under this Modified Stipulated Protective Order, or of any information contained in such documents.

9. This Modified Stipulated Protective Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable or admissible and does not constitute any ruling on any potential objection. Other than explicitly set forth herein, this Modified Stipulated Protective Order does not apply to any information or documents subject to a claim of privilege or other basis of exclusion, and this Modified Stipulated Protective Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

10. All other provisions of the parties' March 4, 2022 Protective Order

shall remain in effect.

11.   VA shall designate relevant documents that contain Confidential Information as "Confidential" pursuant to this Modified Stipulated Protective Order and produce them forthwith.

SO ORDERED, this 13th day of February, 2023.

 s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
